**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darren Lizer,<br><br>        Plaintiff,<br><br>vs.<br><br>United States of America,<br><br>        Defendant. | CV 11-8201-PCT-JAT (Lead)<br>CV 11-8207-PCT-JAT (Cons)<br><br>**ORDER** |

Pending before the Court is Defendant's motion for summary judgment. Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). Accordingly, summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

This case arises under the Federal Tort Claims Act. Doc. 28 at 3. Claims under the Federal Tort Claims Act are governed by the substantive law of the state where the tort was allegedly committed; in this case Arizona. *Id*. at 3-4; *Richards v. United States*, 369 U.S. 1, 8-10 (9th Cir. 1962); *Louie v. United States*, 776 F.2d 819, 824 (9th Cir 1985). Here, Plaintiff alleges medical malpractice based on care he received at Fort Defiance Indian Hospital. Doc. 1-1 at 17.

1    Under Arizona law, to prove a medical malpractice claim, Plaintiff must present
2  evidence that the medical provider's care fell below the established standard of care. Doc.
3  28 at 4; A.R.S. § 12-563; *Bell v. Maricopa Medical Center*, 755 P.2d 1180, 1182-83 (Ariz.
4  App. 1988). A physician's deviation from the standard of care must be shown by expert
5  medical testimony unless such negligence, "is so grossly apparent that a layman would have
6  no difficulty in recognizing it." *Pendleton v. Cilley*, 574 P.2d 1303, 1305 (Ariz. 1978).

7    Here, Plaintiff failed to disclose any expert opinions by the Court's Rule 16
8  Scheduling Order deadline. Doc. 28 at 2. Thus, Plaintiff cannot meet his burden of proof
9  in this case and Defendant is entitled to summary judgment unless the negligence alleged in
10 this case is so obvious that a layman would easily recognize it. *Pendleton*, 574 P.2d at 1305.

11    The Complaint alleges that Defendant committed medical malpractice:

   a.  In negligently failing to have appropriate diagnostic testing performed;
   b.  In negligently failing to make a timely diagnoses of Mr. Lizer's condition;
   c.  In negligently prescribing antibiotics and other prescriptions to Mr. Lizer known to cause Stevens Johnson Syndrome;
   d.  In negligently failing to recognize Mr. Lizer's increased risks to Stevens Johnson Syndrome because of his HIV;
   e.  In negligently discharging Mr. Lizer from the hospital on two separate occasions without a proper diagnosis;
   f.  In negligently failing to timely transfer Mr. Lizer to a health care facility capable of treating his condition.
   g.  In negligently failing to give Mr. Lizer proper medical care;
   h.  In ignoring symptoms and indications that Mr. Lizer had a life threatening condition; and
   i.  In negligently and carelessly failing to measure up to the requisite standards of care and skill required and observed in the field of medicine, and in further particulars presently unknown to plaintiff, but which are verily believed and alleged will be disclosed during discovery in the course of the litigation.

Doc. 1-1 at 19-20.

   The Court finds that these allegations, even if true, would require expert medical testimony to establish the standard of care and any breach of that standard of care. In other words, none of these alleged facts would amount to obvious negligence to a layman. Thus, Defendant is entitled to summary judgment due to Plaintiff failing to disclose a medical expert.

1     Based on the foregoing,

2     **IT IS ORDERED** that Defendant's motion for summary judgment (Doc. 28) is granted; the Clerk of the Court shall enter judgment in favor of Defendant and against Plaintiff in both the lead case and the consolidated case.

5     DATED this 19th day of March, 2013.

James A. Teilborg
Senior United States District Judge